United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEX CHIN,                                             No. C 16-2333 WHA (PR)

        Plaintiff,                              **ORDER OF SERVICE**

  v.

CITY AND COUNTY OF SAN
FRANCISCO,

        Defendant.
_____/

### INTRODUCTION

Plaintiff, an inmate in the San Francisco County Jail, filed this civil rights case under 42 U.S.C. 1983 against the City and County of San Francisco. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is ordered served upon defendant.

### ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**United States District Court**
For the Northern District of California

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

4    upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

8    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

9    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

11   at 1974.

12   To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:

13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

14   that the alleged deprivation was committed by a person acting under the color of state law.

15   *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    LEGAL CLAIMS**

17   Plaintiff alleges that he was attacked by three inmates in October 2014while on a jail

18   bus.  During the fight, a Sheriff's deputy witnessed the attack but allowed it to continue.  He

19   was then taken to a jail medical clinic where he was given a doctor's appointment for six

20   months later.  In September 2015, he was told by staff at the San Francisco General Hospital

21   that his injuries were permanent and would require surgery.  As of March 2016, plaintiff still

22   required further surgery.  When liberally construed, these allegations state a cognizable claim

23   against the City and County of San Francisco for violating his constitutional right to safety and

24   adequate medical care as an inmate.

**CONCLUSION**

26   For the reasons set out above, it is hereby ordered as follows:

27   1.  The clerk shall issue summons and the United States Marshal shall serve, without

28

2

United States District Court

For the Northern District of California

prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendant the City and County of San Francisco**.**  A courtesy copy of the complaint with attachments and this order shall also be mailed to the San Francisco City Attorney's Office.

2.  Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3.  In order to expedite the resolution of this case:

a.  No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion.  If defendants are of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e.  Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

4.  All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

1     5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

2     No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

3     required before the parties may conduct discovery.

4     6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

5     informed of any change of address and must comply with the court's orders in a timely fashion.

6     Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

7     Federal Rule of Civil Procedure 41(b).

8     7.  Parties may seek requests for reasonable extensions of time if they submit the request

9     prior to the deadline that they wish to extend and show good cause for the extension.

10     IT IS SO ORDERED.



11

Dated: July____15____, 2016.

12     _____
        WILLIAM ALSUP
        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

4

United States District Court

For the Northern District of California

1

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

2       If defendants move for summary judgment, they are seeking to have your case

3   dismissed. A motion for summary judgment under  Rule 56 of the Federal Rules of Civil

4   Procedure will, if granted, end your case.

5       Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

6   Generally, summary judgment must be granted when there is no genuine issue of material

7   fact--that is, if there is no real dispute about any fact that would affect the result of your case,

8   the party who asked for summary judgment is entitled to judgment as a matter of law, which

9   will end your case. When a party you are suing makes a motion for summary judgment that is

10  properly supported by declarations (or other sworn testimony), you cannot simply rely on what

11  your complaint says. Instead, you must set out specific facts in declarations, depositions,

12  answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that

13  contradict the facts shown in the defendant's declarations and documents and show that there is

14  a genuine issue of material fact for trial. If you do not submit your own evidence in opposition,

15  summary judgment, if appropriate, may be entered against you. If summary judgment is

16  granted, your case will be dismissed and there will be no trial.

17

18

19

20

21

22

23

24

25

26

27

28